IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**LETTICE A. GARRISON,**

        **Petitioner,**

vs.                                  No. CIV-09-1120 WJ/WDS

**ERASMO BRAVO, Warden, and
GARY K. KING, Attorney General
for the State of New Mexico**

        **Respondents.**

### MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

**THIS MATTER** comes before the Court on Petitioner Lettice A. Garrison's ("Petitioner") Petition under 28 U.S.C. §2254 for Writ of Habeas Corpus by a Person in State Custody filed November 24, 2009. [Doc. No. 1]. Erasmo Bravo, Warden, and Gary K. King, Attorney General for the State of New Mexico, ("Respondents") filed an Answer with accompanying Exhibits[1] on February 01, 2010, requesting that the Petition be dismissed with prejudice as time barred pursuant to 28 U.S.C. §2244(d)(1). [Doc. No. 10]. Having reviewed the Petition, the Answer and accompanying Exhibits, and the applicable law, this Court recommends that the Petition be dismissed with prejudice.

### CLAIMS AND DEFENSES

As grounds for federal habeas review, Petitioner alleges claims of double jeopardy. [Doc. No. 1]. Respondents contend, *inter alia,* that Petitioner's claims are barred by the one-year

---

[1] The Court has all documents necessary to make its determination on the statute of limitations issue.

limitations period in 28 U.S.C. §2244(d). [Doc. No. 10]. Petitioner contends that the one-year statute of limitations in 28 U.S.C. §2244(d) does not apply to his case because "the laws of this State under the Anti-Waiver Act gives the Defendant a right to challenge his Constitutional Rights to Double Jeopardy at any time." [Doc. No. 1].

## FACTUAL AND PROCEDURAL BACKGROUND FINDINGS

1. Petitioner is in the lawful custody of Respondent Erasmo Bravo, Warden, pursuant to a valid Judgment, Sentence and Commitment filed in the Second Judicial District Court, Bernalillo County, Cause No. CR-34550 (1981), entered on April 13, 1982. [Doc. No. 10, Exh. A].

2. After a jury trial, Petitioner was found guilty and sentenced for one count of armed robbery with a firearm enhancement; one count of false imprisonment (lesser-included charge); one count of criminal sexual penetration in the second degree with a firearm enhancement; and one count of murder in the first degree (willful, deliberate, and premeditated). Petitioner was sentenced to a term of life plus twenty-six years. *Id.*

3. Petitioner filed a Notice of Appeal on May 6, 1982. [Doc. No. 10, Exh. C].

4. By mandate of the New Mexico Supreme Court entered March 22, 1983, the Supreme Court affirmed Petitioner's judgment. [Doc. No. 10, Exh. D].

5. On January 25, 1988, Petitioner filed a Writ of Habeas Corpus in the Second Judicial District Court. [RP 216]

6. On June 2, 1988, the state district court entered its Order denying the Petition for Writ of Habeas Corpus. [RP 261].

7. On April 9, 2009, Petitioner filed a Petition for Writ of Habeas Corpus in the Second Judicial District Court. [Doc. No. 10, Exh. E].

8. On August 17, 2009, the state district court entered its Order dismissing the Petition for

Writ of Habeas Corpus. [Doc. No. 10, Exh. F].

9.  On August 31, 2009, Petitioner filed a Petition for Writ of Certiorari in the New Mexico Supreme Court. [Doc. No. 10, Exh. G].

10.  On September 15, 2009, the New Mexico Supreme Court entered its Order denying the Petition for Writ of Certiorari. [Doc. No. 10, Exh. H].

11.  Petitioner filed his federal Petition for Writ of Habeas Corpus on November 24, 2009. [Doc. No. 1].

## APPLICABLE LAW

The provisions of 28 U.S.C. §2254, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), govern this case. The AEDPA provides a one-year statute of limitations for federal habeas petitions filed under 28 U.S.C. §2254. *See* 28 U.S.C. §2244(d)(1). The limitations period runs from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) The date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Where a conviction became final before the AEDPA took effect, as in the present case, the one-year limitations period for a federal petition starts on AEDPA's effective date, April 24, 1996. *Preston v. Gibson,* 234 F.3d 1118 1120 (10th Cir. 2000) (citation omitted).

**ANALYSIS**

Petitioner contends that 28 U.S.C. §2244(d) does not bar his petition because "the laws of this State under the Anti-Waiver Act gives the Defendant a right to challenge his Constitutional Rights to Double Jeopardy at any time." This Court believes that the statute to which Petitioner is referring is N.M. Stat. Ann. §30-1-10 (1978) which states in pertinent part: "The defense of double jeopardy may not be waived and may be raised by the accused at any stage of a criminal prosecution, either before or after judgment."

This Court finds no law to support Petitioner's contention that New Mexico state law as set forth above requires a federal court to ignore its own laws and consider Petitioner's case. Nor does the language of N.M. Stat. Ann. §30-1-10 (1978) support Petitioner's contention. The plain language of the statute states that a double jeopardy defense may not be waived at "any stage of a criminal prosecution." A federal habeas corpus petition is not a stage of a state's criminal prosecution but rather a separate federal civil process. *See Riddle v. Dyche,* 262 U.S. 333, 336 (1923); *see generally Martin v. U.S.,* 773 F.2d 775, 777 (10th Cir. 1960). Additionally, this Court notes that the Tenth Circuit routinely applies 28 U.S.C. §2244(d) to cases where the Petitioner has presented a double jeopardy claim. *See, e.g., Roadcap v. Milyard,* 2010 WL 2292293 (10th Cir. (Colo.)); *Tran v. Zaveres,* 328 Fed.Appx. 582 (10th Cir.2009); *Robinson v. Poppell,* 66 Fed.Appx. 152 (10th Cir. 2003); *Romo v. Boone,* 22 Fed. Appx. 966 (10$^{h}$ Cir. 2001); *Preston v. Gibson, supra.*[2]t

---

[2]Although not necessary for the disposition of this case, this Court notes that Petitioner's claim of double jeopardy is without merit. Petitioner claims that pursuant to *State v. Frazier,* 142 N.M. 120, 164 P.3d 1 (2007), his convictions for First Degree Murder and Armed Robbery violate his right to be free of double jeopardy. However, this Court agrees with the state district court's finding that because Petitioner was convicted of First Degree Murder (Willful, Deliberate and Premeditated) rather than First Degree Murder (Felony Murder), *State v. Frazier* does not apply. *See State v. Frazier, supra;* [Doc. No. 10, Exh. F].

Accordingly, 28 U.S.C. §2244(d)(1) applies to this case. Petitioner's 1982 convictions were prior to the effective date of the AEDPA; therefore, the one-year limitations period started on AEDPA's effective date of April 24, 1996. Because Petitioner made no filings for post-conviction relief or other collateral review during the one-year limitations period, *see* 28 U.S.C. 2244 (d)(2), the statute of limitations ran on April 24, 1997.

## RECOMMENDED DISPOSITION

For the foregoing reasons, this Court recommends that Petitioner's Petition for a Writ of Habeas Corpus be dismissed with prejudice as time barred.

## NOTIFICATION

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN FOURTEEN (14) DAYS OF SERVICE of a copy of these Proposed Findings and Recommended Disposition, they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. §636(b)(1). A party must file any objections with the Clerk of the District Court within the fourteen (14) day period if that party wants to have appellate review of the Proposed Findings and Recommended Disposition. If no objections are filed, no appellate review will be allowed.**

_____
**W. DANIEL SCHNEIDER**
**United States Magistrate Judge**